IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARANCE FRYE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ZAKEN, *et al.* | : | NO. 24-322 |

**REPORT AND RECOMMENDATION**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                         September 6, 2024

Presently before the court is a Petition for Writ of Habeas Corpus filed by Tarance Frye ("Petitioner"), *pro se*, pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the State Correctional Institution – Greene, seeks habeas relief based upon an Eighth Amendment claim. The Honorable John M. Younge referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Petitioner not be afforded habeas relief.

### I.   FACTUAL AND PROCEDURAL HISTORY[1]

Petitioner has several state criminal convictions. This case concerns a sentence imposed as a result of probation revocations in CP-15-CR-1412-2011. Amended Pet. at 1.[2] On November 3, 2011, Petitioner pled guilty to Counts 1 and 4 in CP-15-CR-1412-2011. Pet'r Mem. Br. at 2. The trial court imposed a sentence of 364 to 728 days, to be followed by five years of probation on Count 1 and a consecutive term of probation of five years on Count 4. *Id.*; Answer at 7.

---

[1] The facts set forth in this background and procedural history were gleaned from the Petition for Writ of Habeas Corpus (Document No. 1), the Amended Petition (Document No. 10), the Commonwealth's Answer (Document No. 16), Petitioner's Memorandum of Law in response thereto (Document No. 17), and the exhibits attached to the parties' filings.

[2] The court employs the pagination the Clerk of Court imposed on Petitioner's *pro se* filings when they were scanned for purposes of electronic filing.

On December 9, 2015, Petitioner appeared for a violation of probation ("VOP") hearing in CP-15-CR-1412-2011. Answer at 8. The court found a violation, revoked probation, and imposed five years of probation on Count 1 and consecutive five years of probation on Count 4. *Id.*

On September 3, 2019, Petitioner, again, appeared for a VOP hearing in CP-15-CR-1412-2011 as well as sentencing on a different conviction in a 2017 case. Answer at 8. For CP-15-CR-1412-2011, the court revoked probation and imposed a 2.5-to-5-year sentence on Count 1 and a consecutive 2.5-to-5-year sentence on Count 4. *Id.* This aggregate five-to-ten-year sentence was ordered to be served consecutive to the five-to-ten-year sentence imposed for the other conviction. *Id.* Petitioner filed a *pro se* motion to modify and correct sentence, which was denied, on October 3, 2019. Pet'r Mem. Br. at 2; Answer at 8. Petitioner did not appeal. *Id.*

Next, Petitioner filed a Post Conviction Relief Act ("PCRA") petition, on March 17, 2022. Pet'r Mem. Br. at 2; Answer at 9. In the PCRA petition, he challenged the lawfulness of his sentence on Count 4. Answer at 9. Appointed counsel filed a no-merit letter and motion to withdraw, on August 31, 2022. *Id.* The PCRA court filed notice of its intent to dismiss the petition, on December 1, 2022. *Id.* On February 8, 2023, the PCRA court dismissed the petition and allowed counsel to withdraw. *Id.* at 10. The Pennsylvania Superior Court affirmed the dismissal, on November 14, 2023.[3] *Id.*

On January 19, 2024,[4] Petitioner filed the instant habeas petition raising several claims

---

[3] In his PCRA appeal, Petitioner challenged the lawfulness of his sentence on Count 4. Answer at 10.
[4] The Clerk of Court docketed this habeas corpus petition on May 25, 2023. However, Petitioner is a *pro se* inmate, hence, his petition is deemed filed on the date he gave it to prison officials for mailing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Under penalty of perjury, Petitioner stated that he placed his habeas petition in the prison

concerning his 2017 case, and one claim regarding CP-15-CR-1412-2011, to wit, that his sentence on Count 4 constituted cruel and unusual punishment, under the Eighth Amendment. Pet. at 23. In compliance with the district court's order, Petitioner amended his petition to contain only his Eighth Amendment claim. Amended Pet. at 5. The Commonwealth has answered and argues, *inter alia*, that Petitioner's sole claim is time-barred. Answer at 15-18. This court finds that Petitioner's Eighth Amendment claim is time-barred.

## II.     DISCUSSION

**A.     The AEDPA Statute of Limitations**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, imposes a one-year period of limitations ("AEDPA year") for habeas corpus petitions. The time-period begins to run from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The Third Circuit has held that the starting date for the habeas period of limitations must be determined separately for each cognizable claim contained in the

---

mailing system on May 19, 2023. Petition at 15. Hence, this court deems May 19, 2023 as the filing date pursuant to *Burns*.

3

petition. *See Fiedler v. Varner*, 379 F.3d 113, 117-18 (3d Cir. 2004).

Petitioner is challenging the 2019 imposition of a probation revocation sentence on Count 4. The factual predicate for this claim arose on September 3, 2019, when the sentence was imposed. This is the appropriate date to start the AEDPA period of limitations for Petitioner's sole claim. *See* 28 U.S.C. § 2244(d)(1)(D). His AEDPA year expired one year later, on September 3, 2020. Unless grounds for statutory or equitable tolling can be demonstrated, Petitioner's sole claim is late and must be dismissed.

**B.      Statutory and Equitable Tolling**

      **1.      Statutory Tolling**

Statutory tolling provisions provide that, "[t]he time that a properly filed application for state post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). A properly filed application for state collateral relief is one submitted in compliance with the applicable rules governing filings such as the form of the document, the time limits on filing, the court and office in which it must be filed and the requisite filing fees.[5] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Answering a question left open in *Artuz*, the U.S. Supreme Court later explained that, despite enumerated exceptions to the timely filing requirement, an untimely PCRA petition is not "properly filed" and cannot statutorily toll the federal habeas period of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005).

Petitioner filed a PCRA petition, on March 17, 2022, over a year after his AEDPA year had expired, on September 3, 2020. Hence, the 2022 PCRA petition cannot provide statutory tolling. Nevertheless, Petitioner may be eligible for equitable tolling.

---

[5] The U.S. Supreme Court initially declined to decide whether the existence of exceptions to a timely filing requirement can prevent a late application from being considered improperly filed. *Artuz,* 531 U.S. at 8 n.2.

**2. Equitable Tolling**

Equitable tolling is available "only when the principle of equity would make the rigid application of a limitation period unfair." *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (internal quotations omitted). Courts should apply this doctrine sparingly. *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005). The general requirements for equitable tolling are: (1) the petitioner exercised diligence in pursuing his rights, and (2) extraordinary circumstances prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner bears the burden of proving both requirements. *Pace*, 544 U.S. at 418; *Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008).

Petitioner has neither identified nor demonstrated that any extraordinary circumstance(s) prevented timely filing of this habeas petition, nor demonstrated diligence in pursuing his sole claim. Indeed, rather than timely filing a habeas petition, Petitioner pursued an untimely[6] PCRA petition. This lack of diligence weighs heavily against Petitioner *Pace*, 544 U.S. at 419. Thus, he has not satisfied his burden to establish entitlement to equitable tolling of his AEDPA year. *Pace*, 544 U.S. at 418; *Urcinoli*, 546 F.3d at 273. Consequently, his sole Eighth Amendment claim should be dismissed as time-barred.[7]

### III. CONCLUSION

Petitioner's sole habeas claim is time-barred. Reasonable jurists would not debate this court's procedural disposition of his claim; therefore, a certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

---

[6] On PCRA appeal, the Superior Court concluded that Petitioner's claim concerning his Count 4 sentence was untimely. *See Commonwealth v. Frye*, Nos. 493-494 EDA 2023, slip op. at 6-9 (Pa. Super. Ct. Nov. 14, 2023).

[7] Petitioner has also failed to advance any new, reliable evidence of his actual innocence to avoid the time-bar. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

## **RECOMMENDATION**

**AND NOW**, this 6th day of September, 2024, for the reasons contained in the preceding Report, it is hereby **RECOMMENDED** that Petitioner's claim be **DISMISSED**, without an evidentiary hearing. Petitioner has neither demonstrated that any reasonable jurist could find this court's procedural rulings debatable, nor shown denial of any federal constitutional right; hence, there is no probable cause to issue a certificate of appealability.

Petitioner may file objections to this Report and Recommendation within fourteen (14) days of being served with a copy of it. *See* Local R. Civ. P. 72.1(IV). Failure to file timely objections may constitute a waiver of any appellate rights.

It be so **ORDERED**.

    */s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
United States Magistrate Judge